

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**MARTIN LUTHER KING JR. FEDERAL BLDG. & U.S. COURTHOUSE**
**50 WALNUT STREET, P.O. BOX 419**
**NEWARK, NJ  07101-0419**
**(973) 645-6340**

**WILLIAM J. MARTINI**
 **JUDGE**

**LETTER OPINION**

August 18, 2011

George C. Cotz
Cotz & Cotz, Esqs.
180 Franklin Turnpike
Mahwah, NJ 07430
*(Attorneys for Plaintiff)*

Howard B. Mankoff
Victoria C. Cabalar
Marshall, Dennahey, Warner, Coleman & Goggen, PC
425 Eagle Rock Ave. Suite 302
Roseland, NJ 07068

Gail Oxfeld Kanef
Oxfeld Cohen, LLC
50 Commerce Street
Newark, NJ 07102
*(Attorneys for Defendants)*

   RE: *Emily Diaz v. Miriam Lezanski,* et al.
     Civil Action No. 9-223 (WJM)

Dear Counsel:

  This matter comes before the Court on Plaintiff Emily Diaz's motion for reconsideration. Defendants have cross-moved for reconsideration. In its Opinion of May 25, 2011, this Court granted summary judgment for Defendants on the majority of Plaintiff's claims, leaving only two counts remaining. *See Diaz v. Lezanski*, 2011 WL 2115671, at *1-5 (D.N.J. May 25, 2011). Both parties move the Court to reconsider its decision as to certain of the claims. For the reasons discussed below, the Court grants Plaintiff's motion for reconsideration in part and only as to Count 7, and denies Defendants' cross-motion in its entirety.

1

## I.    BACKGROUND

This Court's May 25, 2011 Opinion contains a detailed discussion of the relevant factual allegations, and the Court need not reiterate that background information here. This action involved fifteen different claims, and of those, only six are relevant to the present motions: Count 1, retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*; Count 3, retaliation by failure to accommodate in violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA"); Count 5, failure to accommodate in violation of the ADA; Count 6, failure to accommodate in violation of the New Jersey Law Against Discrimination ("NJLAD"), N.J. Stat. § 10:5-1 *et seq.*; Count 7, ethnic discrimination in violation of Title VII; and Count 8, ethnic discrimination in violation NJLAD. The Court dismissed Counts 1, 3, 5, and 7, but denied summary judgment on Counts 6 and 8.

## II.    Legal Analysis

### A.  Legal Standard on a Motion for Reconsideration

A motion for reconsideration may be granted only if: (1) there has been an intervening change in the controlling law; (2) evidence not available when the Court issued the subject order has become available; or (3) it is necessary to correct a clear error of law or fact or to prevent manifest injustice.  *U.S. v. Dupree*, 617 F.3d 724, 733 (3d Cir. 2010); *Max's Seafood Café by Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999); L.Civ.R. 7.1(i). A motion for reconsideration should not be treated as an appeal of a prior decision.  *See Morris v. Siemens Components, Inc.*, 938 F. Supp. 277, 278 (D.N.J. 1996). And it is improper for the moving party to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990).

### B.  Plaintiff Diaz's Motion for Reconsideration as to the Federal Claims (Counts 1, 3, 5, and 7)

A plaintiff must exhaust her administrative remedies prior to bringing suit under either Title VII or the ADA; a right-to-sue-letter issued by the U.S. Equal Employment Opportunity Commission ("EEOC") is proof of that exhaustion. The Court dismissed without prejudice Counts 1, 3, 5, and 7 because Diaz presented no evidence that she had obtained a right-to-sue letter prior to bringing her claims. *See Diaz*, 2011 WL 2115671, at *5-6 (citing cases). Defendants raised this failure in their summary judgment papers and presented evidence that Diaz had, in fact, withdrawn her EEOC complaint prior to receiving a right-to-sue letter, but Diaz did not respond to their arguments in any way. *Id.*

Now in her motion for reconsideration – for the first time – Diaz has presented a right-to-sue letter that she obtained from the EEOC concerning EEOC Charge No. 846-2008-44039. The first issue before the Court is whether this letter is even appropriate evidence for  a motion for reconsideration. Diaz obviously had access to this letter before the Court ruled on the summary judgment motion, and Diaz failed to introduce the letter with her brief in opposition despite the fact that Defendants argued the issue at length.

Diaz offers no satisfying reason for this failure, essentially arguing only that it was the interpretation of counsel that such letter was not needed.

But if the Court refused to consider the right-to-sue letter, the effect might be to deprive Diaz of a cause of action she rightfully had because of a technical mistake of her counsel. This would be an especially harsh result here because the Court dismissed Diaz's federal causes of action *without* prejudice. As such, the Court, in its discretion, will consider the right-to-sue letter in order to prevent a manifest injustice and further waste of judicial resources. But the Court warns plaintiff's counsel to proceed with more caution in the future. A motion for reconsideration is not meant to empower litigants to raise their arguments piece by piece. *Dupree*, 617 F.3d at 732-33 (quotation omitted). Under even slightly different procedural facts and circumstances, the Court could easily reject Diaz's motion.

But now that the Court has determined that the letter is appropriate for its review on a motion for reconsideration, it must consider the effect – if  any – the newly presented letter has. Diaz claims that this right-to-sue letter proves that she has exhausted her administrative remedies as to Counts 1, 3, 5, and 7. But Defendants have introduced evidence that Diaz actually filed two EEOC complaints. And while she received a right-to-sue letter as to the first complaint, EEOC Charge No. 846-2008-44039, she did not receive a right-to-sue letter as to the second complaint, EEOC Charge No. 17E200900169, and, in fact, withdrew the second complaint prior to filing her lawsuit.

This distinction is important, because the scope of the claims she can bring are limited to the scope of the EEOC Complaint on which the right-to-sue letter issued. *See, e.g.*, *Barzanty v. Verizon PA, Inc.*, 361 F. App'x 411, 413-14 (3d Cir. Jan. 20, 2010). That is, the actual contents of her EEOC Complaint determine whether Diaz has exhausted her administrative remedies as to a particular claim.

The evidence shows that Diaz has exhausted her administrative remedies only as to Count 7. The first EEOC Complaint alleges only that Defendant Lezanksi discriminated against Diaz based on Diaz's ethnicity and that unspecified persons retaliated against Diaz when she reported this discrimination. These allegations only encompass the claim for ethnic discrimination, which is Count 7. Counts 1 and 3 involve retaliatory actions that Defendants allegedly took *after* the first EEOC Complaint was filed. *See* Third Amended Complaint, ¶ 46, 48 (both noting that Defendants were "retaliating against [Diaz] for the [first] EEOC complaint"). Count 5 involved a claim for failure to accommodate under the ADA – an issue not mentioned in the first EEOC Complaint.

Thus, the Court will grant Diaz's motion for reconsideration only as to Count 7 and will reverse itself as to the dismissal of that Count.[1]

---

[1] Count 7 is the NJLAD counterpart to Diaz's Title VII claim from Count 8, and is based on the same set of facts. Because of this, the Court's analysis in its May 25, 2011 Opinion denying the motion for summary judgment as to Count 8 would likely apply equally to Count 7.

C.  Defendants' Cross-Motion for Reconsideration as to the Second Failure to
     Accommodate Claim (Count 6)

In her Complaint, Diaz brought three factually related claims under NJLAD
relevant to Defendants' cross-motion, Counts 2, 4, and 6. Each of these claims involve
Diaz's request for a transfer for medical reasons. In response to the request for a transfer,
Defendant Montesano sent Diaz for medical and psychological evaluations and
eventually placed her on involuntary medical leave after reviewing the findings of those
evaluations. Count 2 was a claim of retaliation against Montesano, and Diaz argued that
her being sent for examinations and being placed on leave constituted adverse
employment actions that Montesano took in response to her first EEOC Complaint.
Count 4 was a legally dubious – and repetitive – claim of retaliation by failure to
accommodate wherein Diaz claimed Montesano retaliated against her by failing to
accommodate her by granting the requested transfer. And Count 6 was a pure failure to
accommodate claim based on Montesano's refusal of her request for a transfer. The Court
granted summary judgment for Defendants on Counts 2 and 4 because Diaz had failed to
carry her evidentiary burden regarding Defendant Montesano's alleged retaliatory intent.
The Defendants argue that it was inconsistent for the Court to deny summary judgment as
to Count 6 after granting it as to Counts 2 and 4. This argument is an inappropriate basis
for a motion for reconsideration, because it amounts to mere disagreement with the
Court's Opinion. *See, e.g.*, *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F.
Supp. 1311, 1314 (D.N.J. 1990). But the Court will take the opportunity to explain why,
even if the argument were appropriate, it would still fail.

The problem with the Defendants' argument is that it glosses over the important
legal distinction between Counts 2 and 4, which were for retaliation, and Count 6, which
is for failure to accommodate.  When considering a claim of retaliation under NJLAD at
the summary judgment stage, a court must engage in a special burden-shifting analysis.
*See Diaz*, 2011 WL 2115671, at *6 (citing cases and discussing burden-shifting analysis).
As part of that analysis, once a plaintiff has established a *prima facie* case that a
particular adverse employment action was retaliatory, the burden shifts to the defendant
to articulate a legitimate non-retaliatory reason for that adverse employment action. *Id.* If
the defendant does so, then the plaintiff must present evidence that discredits the offered
legitimate reason or proves that retaliation was still the primary motivating factor for the
adverse employment action. *Id.* With regards to Counts 2 and 4, this Court found that
Defendant Montesano had articulated legitimate reasons for taking the adverse
employment actions – sending Diaz for medical and psychological examinations and
ultimately placing her on leave – and that Diaz had failed to rebut those reasons to the
extent necessary for her retaliation claims to survive a motion for summary judgment
under this special burden-shifting analysis. *Id.*

But contrary to Defendants' assertion, that finding does not drive the Court's
analysis as to a failure to accommodate claim under NJLAD. Under the NJLAD, when an
employee makes a request for an accommodation, an employer is under an obligation to
engage in a good-faith interactive process. *Victor v. State*, 4 N.J. 126, 144-45 (N.J. 2010).

Thus, the crux of Diaz's claim against Defendant Montesano is that in response to her request for accommodation by way of transfer, he failed to engage in a good faith interactive process and instead sent her for medical examinations and ultimately placed her on medical leave, all against her will. The Defendants do not explain – and the Court does not see – how a finding that Defendant Montesano had a non-retaliatory reason for taking adverse employment actions against Diaz affects its analysis as to any of the elements necessary to Diaz's failure to accommodate claim. At most, the Defendants could have argued that the finding is proof that Diaz could not have been reasonably accommodated, but that is an unnecessary logical leap that the Court did not and need not take. The Court only found that Defendant Montesano offered non-retaliatory reasons for his actions that were facially legitimate and that Diaz failed to rebut. *See Diaz*, 2011 WL 2115671, at *7-8. The Court did not find that the Defendants had proved Diaz unfit to perform her teaching duties nor did it find that there was no genuine issue of material fact as to whether she could have been reasonably accommodated. Diaz introduced other evidence into the record not related to the issue of retaliation which may have been sufficient to create a genuine issue of material fact as to whether she could be accommodated. But the Defendants did not argue this point in their summary judgment papers. Instead, Defendants relied on other procedural arguments that – at least as to the claim for failure to accommodate under the NJLAD based on Diaz's request for a transfer – failed.

## III.    Conclusion

For the reasons stated above, the Court grants Diaz's motion for reconsideration as to Count 7 and denies it as to the remaining counts. And the Court denies the Defendants' cross-motion. An appropriate order follows.

/s/ William J. Martini
**WILLIAM J. MARTINI, U.S.D.J.**